UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, and
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, and the NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,

16 CV _____

**PETITION TO
CONFIRM AN
ARBITRATION AWARD**

Petitioners,

-against-

SOR-MAL PLASTERING & CONSTRUCTION CORP.,

Respondent.

---

Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund,

Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and

Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York

City and Vicinity Carpenters Labor Management Corporation, and the New York City District

Council of Carpenters ("Petitioners" and/or the "Funds"), by and through their attorneys, Virginia

& Ambinder, LLP, as and for their Petition to Confirm an Arbitration Award, respectfully allege

as follows:

### NATURE OF THE ACTION

1.      This is an action under section 502(a)(3) of the Employee Retirement Income

Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor

Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and/or section 9

of the Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an Arbitrator's Award

rendered pursuant to a collective bargaining agreement between the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Sor-Mal Plastering & Construction Corp. ("Respondent").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4.      Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA.  The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5.      Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") (together, the ERISA Funds and the Charity Fund shall be referred to as the "Funds") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3).  The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6.     Petitioner Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Respondent.

7.     Petitioner New York City and Vicinity Carpenters Labor-Management Corporation is a New York not for profit corporation.

8.     Respondent is a corporation incorporated under the laws of the State of New York. At relevant times, Respondent was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.  Respondent maintains its principal place of business at 1978 Williamsbridge Road, #3, Bronx, New York 10461.

## THE ARBITRATION AWARD

9.     Respondent is a member of the Association of Wall Ceiling & Carpentry Industries of New York Inc. (the "Association").  A letter from the Association confirming Respondent's membership in the Association is annexed hereto as **Exhibit A**.

10.    As a member of the Association, Respondent agreed to be bound by a collective bargaining agreement ("CBA") entered into between The Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated and the Union for the period covering July 1, 2011 through June 30, 2017.  A copy of the CBA is annexed here to as **Exhibit B.**

11.    The CBA requires Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union.  *See* **Exhibit B** Article XVI, Section 1.

12.     The CBA requires Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure that Respondent is making all required benefit contributions to the Funds.  *See* **Exhibit B**, Article XVI, Section 1(a).

13.     The CBA provides that "[s]hould any dispute or disagreement arise between the parties hereto, or between the Union and any signatory Employer-member, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder." **Exhibit B**, Article XVI, Section 12.

14.     The CBA provides "[i]n the event that proceedings are instituted before an arbitrator . . . to collect delinquent contributions to Benefit Fund or Funds, and if such arbitrator renders an award in favor of such Fund(s), the arbitrator shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable under this Agreement and Declaration of Trust establishing such Fund."  *See* **Exhibit B**, Article XVI, Section 11(b).

15.     The CBA provides that:

> In the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgment of the court, and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following:

> (1) the unpaid contributions; plus
> (2) interest on the unpaid contributions determined at the prime rate of Citibank plus 2%; plus
> (3) an amount equal to the greater of --
>    (a) the amount of the interest charges on the unpaid contributions as determined in (b) above, or
>    (b) liquidated damages of 20% of the amount of the unpaid contributions; plus
> (4) reasonable attorney's fees and costs of the action; and
> (5) such other legal or equitable relief as the court deems appropriate.

**Exhibit B**, Article XVI, Section 11(a).

16.     Pursuant to the CBA, the Respondent is bound by all of the terms and conditions of the Agreements and Declarations of Trust, creating the Welfare and Pension Funds, and the Agreements and Declaration of Trust, creating the Vacation Fund, Annuity Fund, United Brotherhood of Carpenters and Joiners of America Fund, and Apprenticeship, Journeymen Retraining, Educational and Industry Fund, New York City & Vicinity Carpenters Labor-Management Cooperation Fund and Supplemental Funds, and by all By-Laws adopted to regulate each of said Funds. *See* **Exhibit B**, Article XVI, Section 6.

17.     The Trustees of the Funds established a Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"). A copy of the Collection Policy is annexed hereto as **Exhibit C**.

18.     The Collection Policy provides that employers are required to remit contributions to the Funds on a weekly basis and that employers are liable for interest on those contributions that are not paid within the applicable time period. *See* **Exhibit C**, Section II.

19.     Pursuant to the CBA, the Funds conducted an audit of Respondent's books and records covering July 1, 2012 through March 25, 2015. The audit revealed that Respondent failed to remit contributions as required by the CBA.

20.     A dispute arose during the period of the CBA when Respondent failed to remit the contributions revealed by the audit.

21.     Pursuant to the CBA's arbitration clause, Petitioners initiated arbitration before the designated arbitrator, Roger E. Maher. Petitioners noticed said arbitration by having a Notice of Hearing sent by regular and certified mail to Respondent's last known address. A copy of the Notice of Hearing is annexed hereto as **Exhibit D**.

22.    Thereafter, the arbitrator held a hearing and rendered his award, in writing, dated February 8, 2016, determining said dispute (the "Award").  A copy of the Award is annexed hereto as **Exhibit E**.

23.    The arbitrator found that Respondent was in violation of the CBA and ordered Respondent to pay the Funds the sum of $131,422.35, consisting of (1) delinquent contributions of $89,877.09; (2) interest of $4,986.48; (3) liquidated damages of $17,975.42; (4) promotional fund contributions of $531; (5) court costs of $400; (6) attorney's fees of $1,500; (7) arbitrator's fees of $500; (8) audit costs of $5,815.75; (9) non-audit late payment interest of $4,779.93; (10) non-audit shortages principal interest of $4,047.68; (11) non-audit interest of $176.71; (12) non-audit delinquent contributions to an industry promotional fund of $22.75; and (13) a non-audit delinquency assessment of $809.54.  *See* **Exhibit E**.

24.    The arbitrator also found that interest of 5.25% will accrue on the aggregate amount of the Award from the date of the issuance of the Award.  *See* **Exhibit E**.

25.    Following the issuance of the arbitration award, Petitioners entered into settlements with two of Respondent's general contractors, Arc Electrical & Mechanical Contractors Corp. and Premier Concrete Services Inc., which covered a substantial portion of those delinquencies awarded in the February 8, 2016 Award.

26.    Taking into consideration these settlements, Respondent's liability under the Award is decreased to  $33,155.02, consisting of (1) $17,975.42 of liquidated damages; (2) $400 in court costs; (3) $1,500 in attorneys' fees; (4) $500 in arbitrator's fee; (5) $5,815.75 in audit costs; (6) $4,779.93 in late-payment interest; (7) $1,245.44 in shortages; (8) $121.94 in additional interest; (9) $7.00 in promotion fund contributions; and, (10) $809.54 in an additional non-audit delinquency assessment.

27.    The Award has not been vacated or modified and no application for such relief is currently pending.

28.    Petitioners are entitled to the reasonable attorneys' fees and costs expended in this matter pursuant to both Article XVIII, Section 15(b) of the CBA and Section 502(g) of ERISA, 29 U.S.C. § 1132(g).  *See* **Exhibit C**, Section 15(b).

29.    The Collection Policy further states that "[a]ttorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spend by Collection Counsel in collection efforts." **Exhibit C**, Section V(6).

30.    Copies of V&A's contemporaneous time records, reflecting all time spent and all activities performed in the prosecution of this matter by its attorneys and staff, are annexed hereto as **Exhibit F**.

31.    I, Todd Dickerson ("TD" in the accompanying billing records), am a 2013 graduate of the University of Illinois College of Law.  In November 2015, I joined V&A as an associate. In late May of 2016, I was promoted to the position of "Of Counsel."  I have regularly served as lead counsel for multiemployer employee benefit plans in ERISA litigation since joining V&A. Before joining V&A, I regularly served as lead counsel in labor and employment lawsuits in both state and federal court.  V&A billed my time at a rate of $225 per hour during my time as an associate.  During my time as "Of Counsel," V&A billed my time at a rate of $300 per hour. *See* **Exhibit F**.

32.    Julia Belagorudsky ("JB" in the accompanying billing records), is a 2013 graduate of Fordham University School of Law was an associate at V&A.  V&A billed Ms. Belagorudsky's time at a rate of $225 per hour for work performed in connection with this matter. *See* **Exhibit F**.

33.     Thomas Horgan ("TH" in the accompanying billing records), is a 2015 graduate of Creighton University School of Law and an associate at V&A.  Mr. Horgan's primary practice area is representation of multiemployer employee benefit plans in ERISA litigation.  V&A billed Mr. Horgan's time at a rate of $225 per hour for work performed in connection with this matter. *See* **Exhibit F**.

34.     V&A billed the legal assistants' time at a rate of $100 per hour for work performed in connection with this action.  *See* **Exhibit F**.

35.     All of the above-referenced rates are the result of negotiations between V&A and the Funds regarding the proper hourly rates to compensate V&A's attorneys and legal assistants for their services.

36.     V&A's total billings in this matter amount to $3,802.50, reflecting 16.10 hours of work. *See* **Exhibit F**.

37.     In addition, V&A will advance $70 in service fees in connection with this matter. V&A will also advance $400 in court filing fees upon the filing of the instant petition.

**WHEREFORE,** Petitioners respectfully request that this Court:

(1)     Confirm the Award in all respects;

(2)     Award judgment in favor of the Petitioners and against Respondent in the amount of $33,155.02, representing the unsatisfied portion of the Award plus interest on this unsatisfied portion from the date of the Award through the date of judgment, with interest to accrue at the annual rate of 5.25%;

(3)     Award judgment in favor of the Petitioners and against Respondent in the amount of $3,802.50 in attorneys' fees and $470.00 costs arising out of this petition;

(4)     Award post-judgment interest at the statutory rate; and

(5)     Award Petitioners such other and further relief as is just and proper.

Dated:  New York, New York                    Respectfully submitted,
        June 21, 2016

                                              **VIRGINIA & AMBINDER, LLP**


                              By:     _____/s/_____
                                      Todd Dickerson, Esq.
                                      40 Broad Street, 7th Floor
                                      New York, New York 10004
                                      Telephone: (212) 943-9080
                                      Fax: (212) 943-9082
                                      *Attorneys for Petitioners*